IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22395

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

     Plaintiff,

v.

DOUGLAS ELLIMAN FLORIDA, LLC d/b/a
DOUGLAS ELLIMAN,

     Defendant.

_____

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendant Douglas Elliman Florida, LLC d/b/a Douglas Elliman ("Defendant"), and alleges as follows:

## THE PARTIES

1.     Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2.     Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 1111 Lincoln Road, Miami Beach, FL 33139. Defendant's agent for service of process is: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

7. For the past seventeen (17) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

8. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

9. Mr. Stevens travels throughout the State of Florida, nationally, and internationally

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

10.    Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11.    Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

12.    Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

## II.    The Work at Issue in this Lawsuit

### The First Photograph

13.    In 2016, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2016 dd" (the "First Photograph"). Consistent with Plaintiff's general practices, the First Photograph contains

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(in the bottom left corner) Plaintiff's copyright management information as follows: "©AAP 2016 all rights reserved."  A copy of the First Photograph is exhibited below:



14.    The First Photograph was registered by Plaintiff with the Register of Copyrights on October 12, 2020 and was assigned Registration No. VA 2-226-657. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

*The Second Photograph*

15.    In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014" (the "Second Photograph"). Consistent with Plaintiff's general practices, the Second Photograph

contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "©AAP 2014 all rights reserved."   A copy of the Second Photograph is exhibited below:



16.     The Second Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

*The Third Photograph*

17.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 a" (the "Third Photograph"). Consistent with Plaintiff's general practices, the Third Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "©AAP 2014 all rights reserved."   A copy of the Third Photograph is

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

exhibited below:



18.     The Third Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Third Photograph is included in Exhibit B hereto.

***The Fourth Photograph***

19.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 e" (the "Fourth Photograph"). Consistent with Plaintiff's general practices, the Fourth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "©AAP 2014 all rights reserved."   A copy of the Fourth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



20.     The Fourth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Fourth Photograph is included in Exhibit B hereto.

***The Fifth Photograph***

21.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 g" (the "Fifth Photograph"). Consistent with Plaintiff's general practices, the Fifth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "©AAP 2014 all rights reserved."  A copy of the Fifth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



22.     The Fifth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Fifth Photograph is included in Exhibit B hereto.

*The Sixth Photograph*

23.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 I" (the "Sixth Photograph"). Consistent with Plaintiff's general practices, the Sixth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "©AAP 2014 all rights reserved."  A copy of the Sixth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



24.     The Sixth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Sixth Photograph is included in Exhibit B hereto.

**The Seventh Photograph**

25.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 i" (the "Seventh Photograph"). Consistent with Plaintiff's general practices, the Seventh Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "©AAP 2014 all rights reserved."  A copy of the Seventh Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



26.    The Seventh Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Seventh Photograph is included in Exhibit B hereto.

***The Eighth Photograph***

27.    In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 h" (the "Eighth Photograph"). Consistent with Plaintiff's general practices, the Eighth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "©AAP 2014 all rights reserved."  A copy of the Eighth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



28.     The Eighth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Eighth Photograph is included in Exhibit B hereto.

**The Ninth Photograph**

29.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 j" (the "Ninth Photograph"). Consistent with Plaintiff's general practices, the Ninth Photograph contains (in the bottom right corner) Plaintiff's copyright management information as follows: "© AAP 2014 all rights reserved."  A copy of the Ninth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



30.     The Ninth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Ninth Photograph is included in Exhibit B hereto.

***The Tenth Photograph***

31.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave AAP 2014 m" (the "Tenth Photograph"). Consistent with Plaintiff's general practices, the Tenth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "© AAP 2014 all rights reserved."   A copy of the Tenth Photograph is exhibited below:



32.     The Tenth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Tenth Photograph is included in Exhibit B hereto.

***The Eleventh Photograph***

33.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave Lobby AAP 2014" (the "Eleventh Photograph"). Consistent with Plaintiff's general practices, the Eleventh Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "© AAP 2014 all rights reserved."  A copy of the Eleventh Photograph is exhibited below:



34.    The Eleventh Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Eleventh Photograph is included in Exhibit B hereto.

***The Twelfth Photograph***

35.    In 2014, Plaintiff created a photograph titled "155 S Ocean Ave Lobby AAP 2014 e" (the "Twelfth Photograph"). Consistent with Plaintiff's general practices, the Twelfth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "© AAP 2014 all rights reserved."  A copy of the Twelfth Photograph is exhibited below:



36.     The Twelfth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Twelfth Photograph is included in Exhibit B hereto.

***The Thirteenth Photograph***

37.     In 2014, Plaintiff created a photograph titled "155 S Ocean Ave Gym AAP 2014" (the "Thirteenth Photograph"). Consistent with Plaintiff's general practices, the Thirteenth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "© AAP 2014 all rights reserved."  A copy of the Thirteenth Photograph is exhibited below:



38.     The Thirteenth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Thirteenth Photograph is included in Exhibit B hereto.

**The Fourteenth Photograph**

39.     In 2014, Plaintiff created a photograph titled "Confrence [sic] room" (the "Fourteenth Photograph"). Consistent with Plaintiff's general practices, the Fourteenth Photograph contains (in the bottom left and right corners) Plaintiff's copyright management information as follows: "© Robert Stevens" and "© AAP 2014 all rights reserved."  A copy of the Fourteenth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



40.    The Fourteenth Photograph was registered by Plaintiff with the Register of Copyrights on October 13, 2020 and was assigned Registration No. VA 2-226-844. A true and correct copy of the Certification of Registration pertaining to the Fourteenth Photograph is included in Exhibit B hereto.

***The Fifteenth Photograph***

41.    In 2009, Plaintiff created a photograph titled "Dolcevita aerial a AAP" (the "Fifteenth Photograph"). Consistent with Plaintiff's general practices, the Fifteenth Photograph contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2009 all rights reserved."  A copy of the Fifteenth Photograph is exhibited below:



42.     The Fifteenth Photograph was registered by Plaintiff with the Register of Copyrights on October 12, 2020 and was assigned Registration No. VA 2-226-653. A true and correct copy of the Certification of Registration pertaining to the Fifteenth Photograph is attached hereto as **Exhibit "C."**

*The Sixteenth Photograph*

43.     In 2009, Plaintiff created a photograph titled "Dolcevita aerial b AAP" (the "Sixteenth Photograph"). Consistent with Plaintiff's general practices, the Sixteenth Photograph contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2009 all rights reserved."  A copy of the Sixteenth Photograph is exhibited below:



44.     The Sixteenth Photograph was registered by Plaintiff with the Register of Copyrights on October 12, 2020 and was assigned Registration No. VA 2-226-653. A true and correct copy of the Certification of Registration pertaining to the Sixteenth Photograph is included in Exhibit C hereto.

***The Seventeenth Photograph***

45.     In 2009, Plaintiff created a photograph titled "Panoramic_Singer_Island copy" (the "Seventeenth Photograph"). Consistent with Plaintiff's general practices, the Seventeenth Photograph contains (in the bottom left corner) Plaintiff's copyright management information as follows: "©Robert Stevens." A copy of the Seventeenth Photograph is exhibited below:

46.    The Seventeenth Photograph was registered by Plaintiff with the Register of Copyrights on October 12, 2020 and was assigned Registration No. VA 2-226-653. A true and correct copy of the Certification of Registration pertaining to the Seventeenth Photograph is included in Exhibit C hereto.

**The Eighteenth Photograph**

47.    In 2009, Plaintiff created a photograph titled "Singer Island aerial z AAP" (the "Eighteenth Photograph"). Consistent with Plaintiff's general practices, the Eighteenth Photograph contains (in the bottom left corner) Plaintiff's copyright management information as follows: "©AAP 2009 all rights reserved." A copy of the Eighteenth Photograph is exhibited below:



48.     The Eighteenth Photograph was registered by Plaintiff with the Register of Copyrights on October 12, 2020 and was assigned Registration No. VA 2-226-653. A true and correct copy of the Certification of Registration pertaining to the Eighteenth Photograph is included in Exhibit C hereto.

***The Nineteenth Photograph***

49.     In 2012, Plaintiff created a photograph titled "Ritz Singer Island balcony AAP 2012" (the "Nineteenth Photograph"). Consistent with Plaintiff's general practices, the Nineteenth Photograph contains (in the bottom left corner) Plaintiff's copyright management information as follows: "©AAP 2012 all rights reserved." A copy of the Nineteenth Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



50.     The Nineteenth Photograph was registered by Plaintiff with the Register of Copyrights on April 8, 2018 and was assigned Registration No. VA 2-104-315. A true and correct copy of the Certification of Registration pertaining to the Nineteenth Photograph is attached hereto as **Exhibit "D."**

51.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, Seventeenth Photograph, Eighteenth Photograph, and Nineteenth Photograph are collectively referred to herein as the "Work."

52.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

III.    **Defendant's Unlawful Activities**

53.    Defendant is a subsidiary of Douglas Elliman Inc. and/or Douglas Elliman Realty, LLC, the sixth largest residential real estate brokerage in the United States.  The Douglas Elliman family of companies do business across the country and maintain a substantial presence in New York, Florida, California, Connecticut, Colorado, Massachusetts, Texas, Nevada, and New Jersey.

54.    Defendant employs hundreds (if not thousands) of real estate brokers/associated throughout the State of Florida.  Two of those real estate brokers/associates – Chris Cox ("Cox") and Jeffrey Cohen ("Cohen") are relevant to the allegations of this Complaint.

55.    Pursuant to Florida law, a real estate brokerage (Defendant) is liable for the infringement by its employees and/or independent contractors (Cox and Cohen) because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

56.    A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer.  Fla. Stat. § 475.42(1)(B).  Moreover, the terms "employ," "employment," "employer," and "employee" when used to describe the relationship between a broker (Defendant) and its sales associates (Cox and Cohen), include an independent contractor relationship when such relationship is intended by and established between a broker (Defendant) and a sales associate (Cox and Cohen), and furthermore, the existence of an independent contractor relationship shall not relieve the broker (Defendant) of its duties, obligations, or responsibilities, which include being responsible for the offenses of its associates (Cox and Cohen).  See Fla. Stat. § 475.01(2).

57.    As a result, even if Defendant designates its agents as "independent contractors,"

Cox and Cohen are "employees" under the Florida Real Estate Code and the common law of principal/agent in Florida, Defendant is contributorily liable for its agents' acts committed in connection with and in furtherance of Defendant's real estate brokerage business.

58.     In June 2016, Plaintiff licensed the Work to Cox for use in the marketing and sale of the real property located at 155 S. Ocean Avenue, Unit 302, Palm Beach Shores, FL 33404. Plaintiff's invoice in connection therewith (which is billed to Cox at "Douglas Elliman Real Estate") contains a copyright notice/licensing terms as follows:

> NOTICE OF COPYRIGHT: All photos remain the sole property of A.A.P. and/or Robert Stevens Photography where applicable. It is illegal to transfer license or obtain photos belonging to A.A.P. from the public domain (i.e. M.L.S.) without A.A.P.'s written permission. Photos are subject to resale by A.A.P. only.
> NOTICE OF ONE TIME USE: Photographs are one time use only, for the advertising and marketing of the property referenced above in this invoice.

59.     Plaintiff's licensing terms specifically stated that Cox did not have any right to transfer, assign, or sub-license the Work to any third-party and that the photographs were for "OME TIME USE" only for the specific property referenced in the invoice.

60.     On or about October 19, 2017, Cox, Cohen, and Defendant listed for sale the real property located at 155 S. Ocean Avenue, Unit 205, Palm Beach Shores, FL 33404.

61.     In so doing, Cox, Cohen, and Defendant created a Multiple Listing (*MLS# RX-10374672*) (the "Douglas Elliman Unit 205 MLS Listing") to market and sell the subject property. A true and correct copy of the Douglas Elliman Unit 205 MLS Listing is attached hereto as **Exhibit "E."**

62.     Relevant hereto, the Douglas Elliman Unit 205 MLS Listing contains copies of the

Work amongst the various photographs selected by Cox, Cohen, and Defendant to market the subject property – all in plain violation of Plaintiff's licensing terms which limited use of the Work to the prior marketing/sale of Unit 302 *only*.

63.   On or about August 29, 2018, Jett Beres (a realtor affiliated with Singer Island Realty, Inc.) sent an e-mail to Cohen asking whether Defendant "would be interested in selling Ray and I the rights to use the unit and property pics for 155 S Ocean #205 for lease listing."

64.   Cohen responded to the e-mail by stating that he would ask Cox "what the deal is with the photographer."

65.   That same day, Cohen sent Mr. Beres an e-mail stating: "You can copy the photos, or Chris will send them if needed, no charge."

66.   On or about September 4, 2018, Mr. Beres and Ray Carrano (as listing agents) listed for sale the real property located at 155 S. Ocean Avenue, Unit 205, Palm Beach Shores, FL 33404.

67.   In so doing, Mr. Messrs. Beres and Carrano created a Multiple Listing (*MLS# RX-10461272*) (the "Singer Island Realty Unit 205 MLS Listing") to market and sell the subject property. A true and correct copy of the Singer Island Realty Unit 205 MLS Listing is attached hereto as **Exhibit "F."**

68.   Relevant hereto, the Singer Island Realty Unit 205 MLS Listing contains copies of the Work amongst the various photographs selected by Messrs. Beres and Carrano to market the subject property.

69.   Upon information and belief, Messrs. Beres and Carrano only included the Work in the Singer Island Realty Unit 205 MLS Listing because Defendant's agents (Cox and Cohen) specifically gave them permission to copy/display the Work in the Singer Island Realty Unit 205

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

MLS Listing.  Stated differently, Messrs. Beres and Carrano would not have copied/displayed the Work without having first received permission to do so from Defendant's agents.

70.     Defendant is not and has never been licensed to distribute the Work to third parties. Defendant never contacted Plaintiff to seek permission to distribute the Work to Messrs. Beres or Carrano for their use in the Singer Island Realty Unit 205 MLS Listing.

71.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized distribution of the Work in June 2022.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized distribution. To date, Plaintiff has been unable to negotiate a reasonable settlement for the past infringement of its works.

72.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (The Douglas Elliman Unit 205 MLS Listing)

73.     Plaintiff re-alleges and incorporates paragraphs 1 through 72 as set forth above.

74.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, which is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

75.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

76.     As a result of Plaintiff's reproduction and distribution of the Work, Defendant had access to the Work prior to its own distribution, reproduction, and public display of the Work on the Douglas Elliman Unit 205 MLS Listing.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

77.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

78.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

79.     Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, Defendant is liable for vicarious infringement.

80.     As Cox and Cohen's employer and the broker responsible for the Douglas Elliman Unit 205 MLS Listing, Defendant has the right and ability to control the infringing acts of Cox and Cohen yet declined or failed to stop Cox and Cohen from engaging in their infringing activity. Indeed, Cox and Cohen could not have published the Douglas Elliman Unit 205 MLS Listing without the approval and consent of his supervising broker (Defendant).

81.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2021 Douglas Elliman Real Estate"), indicating that Defendant understands the importance of copyright protection and intellectual property rights. As one of the largest real estate brokerages, Defendant clearly understands that high-end photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet. Further, Defendant's willfulness is likewise established by the fact that Plaintiff previously sued Defendant for copyright infringement in 2020. See Affordable Aerial Photography, Inc. v. Douglas Elliman Florida, LLC et al., Case No.: 9:20-cv-81985 (S.D. Fla.). Notwithstanding that lawsuit, Defendant has failed to put in place policies or protocols to stop infringement (such as the one at

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

issue in this lawsuit) from taking place.

82.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

83.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

84.     Alternatively, and at Plaintiff's election, it is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

85.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

86.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

f.   Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (The Singer Island Realty Unit 205 MLS Listing)

87.   Plaintiff re-alleges and incorporates paragraphs 1 through 72 as set forth above.

88.   Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, which is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

89.   Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

90.   As a result of Plaintiff's reproduction and distribution of the Work, Defendant had access to the Work prior to its own distribution thereof to Messrs. Beres and Carrano for their use in the Singer Island Realty Unit 205 MLS Listing.

91.   Defendant distributed the Work without authorization from Plaintiff.

92.   By their actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by distributing the Work to Messrs. Beres and Carrano for their use in the Singer Island Realty Unit 205 MLS Listing.

93.    Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, it is liable for contributory infringement.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

94.     As Defendant guided, directed and provided the Work to Messrs. Beres and Carrano, Defendant had the ability to influence and control the infringing acts of Messrs. Beres and Carrano.

95.     "Even though the Copyright Act does not specifically provide for secondary liability, vicarious and contributory copyright infringement are well established principles derived from common law." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 489 F.3d 1129, n. 19 (11th Cir. 2007) (citing Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005)). "For [a defendant] to be secondarily liable, the [plaintiff] must establish that there has been direct infringement by a third party." Venus Fashions, Inc. v. ContextLogic, Inc., No. 3:16-cv-907-J-39MCR, 2017 U.S. Dist. LEXIS 155748, at * 32 (M.D. Fla. Jan. 17, 2017); Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1245 (11th Cir. 2007) ("contributory infringement claim requires, at a minimum, both an allegation of a direct infringement by a third party, and an allegation of an intentional or knowing contribution to that infringement by the defendant."). "A claim of contributory copyright infringement arises against one who intentionally induces or encourages the direct infringement of another." Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1242 n.6 (11th Cir. 2014); BUC Int'l Corp., 489 F.3d at 1138 n.19 ("Contributory copyright infringement refers to the intentional inducement, causation or material contribution to another's infringing conduct.").

96.     Thus, assuming Defendant did not directly infringe, it caused or materially contributed to Messrs. Beres and Carrano's infringing activity.  Defendant authorized and distributed the Work to Messrs. Beres and Carrano, all while knowing the material was copyright protected and that it had no right to distribute the Work, per Cox's invoice with Plaintiff.

97.     Defendant's infringement was willful as it acted with actual knowledge or reckless

disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2021 Douglas Elliman Real Estate"), indicating that Defendant understand the importance of copyright protection and intellectual property rights. As one of the largest real estate brokerages, Defendant clearly understand that high-end photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet. Further, Defendant's willfulness is likewise established by the fact that Plaintiff previously sued Defendant for copyright infringement in 2020. See Affordable Aerial Photography, Inc. v. Douglas Elliman Florida, LLC et al., Case No.: 9:20-cv-81985 (S.D. Fla.). Notwithstanding that lawsuit, Defendant has failed to put in place policies or protocols to stop infringement (such as the one at issue in this lawsuit) from taking place.

98.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

99.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized distribution of the Work and, at its election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

100.    Alternatively, and at Plaintiff's election, it is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

101.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

102.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

h.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

i.  A declaration that such infringement is willful;

j.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

k.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

l.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

m.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

n.  For such other relief as the Court deems just and proper.


## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 29, 2022.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
        Daniel DeSouza, Esq.
        Florida Bar No.:  19291
        James D'Loughy, Esq.
        Florida Bar No.: 0052700
        Lauren M. Hausman, Esq.
        Florida Bar No.: 1035947

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228